Catron, Ch. J.
delivered the opinion of the court.
A bond was given to appear before the county court, and take the benefit of the insolvent act, See. The record states: ,aThis day came the defendant by his attorney, and moved the court to be discharged, upon his rendering a schedule, and taking the oath annexed to the schedule, without having given any notice to the plaintiffs, which was objected to by the plaintiffs and overruled by the court. And thereupon, upon motion of the plaintiffs by attorney, and it appearing to the satisfaction of the court, that the defendant has not appeared according to law, it is considered that plaintiffs recover, &c.”
An appeal in the nature of a writ of error was prosecuted from this judgment, to the circuit court, where it *167 was reversed, and the defendant discharged, without having taken the oath from any thing appearing on the record,
Combs, for plaintiff in error.
G. ¡3. Yerger, for defendant.
Was this judgment correct? The defendant moved to be discharged upon rendering a schedule and taking the oath to the schedule annexed.
The bond had three conditions: 1. To make payment of the money. 2. Take the oath of insolvency; or, 3. To make a surrender of his property as prescribed by the laws of the State.
The defendant did not offer to pay the money, or take the oath of insolvency; neither did he offer to surrender his property.
This the 3d and 4th sections of the act explicitly require: if there be property, there shall be a full and fair surrender by the debtor, in such manner as the court shall direct; and which shall be sold by the sheriff, in the same manner as if it had been levied on by execution.
The defendants having presented a schedule of property was of no service, unless he had surrendered it for the benefit of 'creditors.
Neither does it appear what kind of oath was annexed to the schedule. The presumption is, the county court adjudged correctly, being a court of general jurisdiction. If the facts did not warrant the judgment, it lay upon the defendant to the execution, who complained, to set out the schedule and oath in a bill of exceptions, so that the court'above could judge of their sufficiency. For these reasons, we think the judgment of the circuit court must be reversed, and that of the county court affirmed.
Judgment reversed.